CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

APR 17 2008

JOHN F. CORCORAN, CLERK
BY: /s/ , DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ELMER LEWIS JOHNSON,<br>Petitioner, | Civil Action No. 7:07CV00513 |
| v. | **Opinion and Order** |
| UNITED STATES OF AMERICA,<br>Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

Elmer Lewis Johnson, a federal inmate, brings this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C.A. § 2255. Respondent filed a motion to dismiss and Johnson responded, making the matter ripe for disposition. Because Johnson's circumstances have changed since he filed this action, the court will take the motion to dismiss under advisement, appoint counsel for petitioner, and grant him an opportunity to determine whether he wishes to proceed with the action or to move for voluntary dismissal of the action without prejudice.

I

Johnson was charged in a six-count superceding indictment. On June 30, 2006, he pleaded guilty, pursuant to a written plea agreement, to Counts Four and Five, which charged him with possession with intent to distribute more than 50 grams of crack cocaine, and to Count Six, which charged him with possession of a firearm as a convicted felon on pretrial release. Paragraph 10 of the plea agreement waived Johnson's right to appeal, while Paragraph 11 read, in pertinent part: "I further agree to waive my right to collaterally attack the judgment and/or sentence imposed in this case and waive my right to collaterally attack, pursuant to [28 U.S.C.A. § 2255], the judgment and any part of the sentence imposed upon me by the court." On October 23, 2006, the court entered judgment sentencing Johnson to 235 months imprisonment as to each of Counts Four and Five, to

120 months imprisonment as to Count Six, with the sentences to run concurrently with each other, and to a consecutive term of five months, pursuant to 18 U.S.C. § 3147, for a total term of 240 months imprisonment.[1] Johnson did not file an appeal from this judgment.

In October 2007, Johnson filed this § 2255 action, alleging that his trial counsel was constitutionally ineffective (1) in allowing him to enter into a plea bargain that included waiver of his right to appeal or collaterally attack his conviction or sentence; (2) in failing to file a notice of appeal after Johnson asked him to do so; (3) in failing to file a pretrial motion to suppress evidence based on an illegal search warrant; and (4) in failing to preserve Johnson's right to be resentenced under the 2007 amendments to the crack cocaine sentencing guidelines.[2] Counsel for the government filed a motion to dismiss, arguing that Johnson entered a valid guilty plea and pursuant to the provision in his plea agreement, he waived his right to bring any challenge to his conviction or sentence under § 2255. The motion to dismiss makes no other response to Johnson's claims, including his allegation that he told counsel to appeal and counsel failed to do so.

II

It is settled circuit law that a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v.

---

[1] In exchange for his guilty plea, the government moved for dismissal of three additional counts that charged him with distribution of controlled substances.

[2] On March 26, 2008, the court reduced Johnson's sentences on Counts Four and Five to 188 months, pursuant to 18 U.S.C. § 3582(c) and the 2007 amendments to the United States Sentencing guidelines on crack cocaine offenses; the other factors of his sentence remained the same for a total term of imprisonment of 193 months. Thus, Johnson's claim (4) must be dismissed as having no basis in fact.

Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). However, "an attorney renders constitutionally ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a notice of appeal even though the defendant may have waived his right to appeal." United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007). Moreover, the defendant may raise such a claim in a § 2255 motion despite having pleaded guilty pursuant to a plea agreement that included a waiver of § 2255 rights. Id. at 272. Under this precedent, if Johnson can prove his allegation that he communicated a request to counsel for a notice of appeal, he is entitled to § 2255 relief in the form of a new opportunity to appeal his criminal sentence. Accordingly, the court cannot rule on the motion to dismiss without first conducting an evidentiary hearing on Claim (2). To avoid piecemeal rulings on Johnson's claims under § 2255, the court will also withhold ruling on his other ineffective assistance claims at this time.

As stated, Johnson received a substantial reduction in his term of imprisonment on March 26, 2008, several months after he filed this § 2255 action. Given the change in his circumstances, he may no longer wish to risk breach of his plea agreement terms by pursuing this § 2255 action. Before setting this case for a hearing, the court will appoint counsel for Johnson and will require him, after consultation with counsel, to indicate clearly whether or not he wishes to pursue his current § 2255 claims.

III

For the stated reasons, it is **ORDERED** as follows:

1. The Motion to Dismiss (Dkt. No. 5) is **TAKEN UNDER ADVISEMENT** and this action is **STAYED**, pending further order of court;

2. The clerk shall arrange with the Federal Public Defender's Office for appointment

of counsel to represent the petitioner in this § 2255 action, pursuant to 18 U.S.C.A. § 3006A(a)(2)(B) (West 2000 & Supp. 2007);

3. Defendant **SHALL** consult with counsel and on or before May 24, 2008, **SHALL** either (a) move for the stay entered in this case to be lifted and consideration of his § 2255 claims to resume or (b) move for voluntary dismissal of the action without prejudice to his later filing a § 2255 motion.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 17th day of April, 2008.

/s/ James C. Turk
Senior United States District Judge

4

Case 7:07-cv-00513-JCT-mfu   Document 9   Filed 04/17/08   Page 4 of 4   Pageid#: 180