CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 14 2008

JOHN F. CORCORAN, CLERK
BY: /s/ S. Saylor
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ELMER LEWIS JOHNSON, JR., ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> Respondent. ) | Civil Action No. 7:07CV00513 <br><br> **2255 MEMORANDUM OPINION** <br><br><br> By: Hon. James C. Turk <br> Senior United States District Judge |

Elmer Johnson brings this action as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Johnson claims that his counsel was ineffective in a number of respects, and that counsel's ineffectiveness during plea negotiations invalidates his plea agreement waivers. Respondent filed a motion to dismiss, Johnson an opposition brief, and the court conducted an evidentiary hearing, making the matter ripe for disposition. Both parties presented materials outside of the pleadings for consideration, and thus the court will treat the United States' motion as one for summary judgment. Upon review of the parties' submissions and the record, the court finds that the United States' motion for summary judgment must be granted, and Johnson's motion for § 2255 relief must be denied.

I.

Johnson was charged in a six-count Superseding Indictment. On June 30, 2006, Johnson pled guilty to Counts Four and Five—which each charged him with distribution of, or possession with the intent to distribute, more than 50 grams of crack cocaine on different dates, and to Count Six—which charged him with possession of a firearm as a convicted felon on pretrial release.[1] In his written plea agreement, Johnson waived his right to appeal, right to collateral

---

[1] In exchange for his guilty plea, the government moved for dismissal of Counts One, Two, and Three, which each charged Johnson with distribution of, or possession with the intent to distribute, crack cocaine on different dates.

1

attack, and the right to bring an ineffective assistance of counsel claim known by Johnson and not raised by the time of his sentencing. (Plea Agreement, ¶¶ 10, 11, 19). On October 10, 2006, the court conducted a sentencing hearing whereby Johnson received 120 months as to each of Counts Four and Five (with the sentences to run concurrently) and 120 months as to Count Six (consecutive to the sentences for Counts Four and Five), for a total term of imprisonment of 240 months.[2] On October 17, 2006 Johnson was resentenced in order to comply with the Sentencing Guidelines as to each count. While Johnson's total incarceration time remained at 240 months, he now received 235 months imprisonment as to each of Counts Four and Five, and 120 months imprisonment as to Count Six (with the three sentences to run concurrently), and to a consecutive term of five months pursuant to 18 U.S.C. § 3147. Judgment was entered on October 23, 2006, and Johnson did not file an appeal.

In October 2007, Johnson filed this § 2255 action, alleging that his original defense counsel was constitutionally ineffective for: (1) his actions during the plea negotiations—specifically for failing to inform Johnson about the rights waived in the plea agreement, and for misinforming Johnson about the sentence he would receive; (2) failing to file a notice of appeal after being requested to do so; (3) failing to file a pretrial motion to suppress evidence based on an illegal search warrant; and (4) failing to preserve Johnson's right to be resentenced under the 2007 amendments to the crack cocaine sentencing guidelines.[3] Relatedly, Johnson seeks to

---

[2] At the sentencing hearing, Johnson also attempted to withdraw his guilty plea, claiming that he thought he had signed a ten-year plea bargain. (Oct. 10, 2006 Sent. Tr. at 7-8). Based on the Rule 11 plea colloquy, and finding no factor weighing in favor of allowing Johnson to withdraw his plea, the court orally denied Johnson's motion. (Id. at 8-9).

[3] On March 26, 2008, the court reduced Johnson's sentences on Counts Four and Five to 188 months, pursuant to 18 U.S.C. § 3582(c) and the 2007 crack cocaine amendments to the Sentencing Guidelines. Thus, Johnson's amended total term of imprisonment is 193 months, and his fourth claim no longer has any basis in fact.

2

avoid enforcement of the waivers in his plea agreement by arguing that counsel's ineffectiveness rendered the waivers invalid. The United States filed a motion to dismiss, arguing that Johnson entered a valid guilty plea and that Johnson validly waived the right to challenge his conviction or sentence by a § 2255 motion.[4] Johnson's opposition brief focused on his claimed unawareness of the penalties associated with his guilty pleas. On April 17, 2008, the court took the motion to dismiss under advisement, pending an evidentiary hearing on Johnson's second claim (notice of an appeal), and appointed Johnson counsel. The evidentiary hearing was conducted on October 24, 2008, and included testimony by Johnson as well as from his original defense counsel.

## II.

### A.

The court must treat the United States' motion as one for summary judgment, as both parties submitted materials outside of the pleadings. Fed. R. Civ. Pro. 12(d).[5] In a motion for summary judgment, the court views the facts, and inferences to be drawn from those facts, in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Summary judgment is only proper where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

---

[4] The motion to dismiss made no other response to Johnson's claims. However, the United States later submitted a sworn affidavit from Johnson's original defense counsel, refuting the substance of Johnson's first three claims.

[5] The parties received reasonable and explicit notice of the court's intention to convert the United States' motion to dismiss into one for summary judgment. The Clerk of the Court issued a Roseboro Notice on December 17, 2007, explaining that "if documents or affidavits outside the pleadings are submitted by either party, any remaining motion(s) to dismiss under Rule 12(b)(6) of the Federal Rules of Federal Civil Procedure may be considered as motion(s) for summary judgment under Rule 56 of the Federal Rules of Federal Civil Procedure."

3

**B.**

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. See United States v. Frady, 456 U.S. 152, 164 (1982). However, prisoners in federal custody may attack the validity of their convictions pursuant to 28 U.S.C. § 2255. Under § 2255, a prisoner in federal custody may attack his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail on a § 2255 motion, a petitioner bears the burden of proof by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

**III.**

**A.**

As a threshold matter, the United States argues that through a provision in his written plea agreement, Johnson waived his right to bring this § 2255 motion. For his part, Johnson claims that counsel's ineffectiveness during the plea negotiations caused the waiver to be invalid. More specifically, Johnson contends that counsel advised him that he would receive approximately a ten-year sentence, and that counsel failed to explain to Johnson the post-conviction relief waived through the plea agreement.

It is settled law that "a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Waivers "may not be knowing and voluntary if tainted by the advice of constitutionally ineffective trial counsel. . . . because '[a] decision to

4

enter into a plea agreement cannot be knowing and voluntary when the plea agreement itself is the result of advice outside 'the range of competence demanded of attorneys in criminal cases.'" United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005) (citations omitted).[6] The court's waiver analysis must focus on the petitioner's statements during the guilty plea hearing. "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Lemaster, 403 F.3d at 221-22.

Pursuant to the plea, Johnson agreed to "waive my right to collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed upon me by the court." (Plea Agreement, ¶ 11). In addition, Johnson agreed to "waive any claim I may have for ineffective assistance of counsel known and not raised by me with the Court at the time of sentencing." (Id., ¶ 19). Johnson initialed every page of the plea agreement and signed his name at the end, indicating that he had consulted with his attorney and fully understood "all my rights with respect to the offenses charged." (Id., ¶ 20).

Before accepting Johnson's plea, the court carefully questioned him about his understanding of the charges, the plea and its consequences, and specific provisions of the plea agreement. Johnson affirmed that he had gone over the plea agreement with his attorney, that he understood it, and that he entered into the agreement voluntarily. (Plea Tr. at 6, 16). Johnson

---

[6] To prove that counsel's representation was constitutionally defective, Johnson would have to meet a two-prong standard. Strickland v. Washington, 466 U.S. 668, 687 (1984). First, he must show that "counsel's representation fell below an objective standard of reasonableness," considering circumstances as they existed at the time of the representation. Id. at 687-88. Second, to show prejudice, Johnson must demonstrate a "reasonable probability that, but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

5

was informed that the minimum sentence for each of Counts Four and Five was ten years, with a maximum of life imprisonment. (Id. at 11).[7] As for Count Six, Johnson was told that the maximum sentence was ten years. (Id.). Further, Johnson was specifically informed by the court that he was waiving his right to collaterally attack his sentence. (Id. at 18). Johnson also denied any dissatisfaction with his counsel's representation. (Id at 7).

Johnson's current allegation that his plea waivers (and thus the entire plea agreement) are invalid is contradicted by his statements to the court under oath at the plea hearing. Further, Johnson has failed to show that counsel's performance during the plea negotiations was deficient.[8] For these reasons, the court finds that Johnson entered a knowing and voluntary guilty plea, and that he validly waived his right to bring a § 2255 action and his right to raise ineffective assistance of counsel claims known to him and not raised at sentencing.[9] All claims

---

[7] In his opposition brief, Johnson wrongly claims that he "was never fully apprised of all the penalties he faced for each offense during the plea colloquy," which rendered his plea not knowing and intelligent. (Opp. Br. at 1). To the contrary, the court informed Johnson of the statutory ranges he faced on each count, including the fact that for "each of Counts Four (4) and Five (5), the court could impose a period of confinement of up to life. (Plea Tr. at 11) (emphasis added). Thus, Johnson was clearly on notice that he could receive more time than the mandatory minimum incarceration period of ten years. In addition, there is no merit to Johnson's argument that the fact he had to be resentenced proves his point; as discussed supra, Johnson's total incarceration time was unchanged from his original sentencing.

[8] Though Johnson stated at his original sentencing hearing that he thought the plea agreement meant he would receive a ten-year sentence, this does not show that Johnson's plea was unknowing or involuntary when he entered into it almost three-and-a-half months earlier. In addition, the court credits Johnson's original counsel's testimony that he explained that the mandatory minimum of ten years was merely a starting point, and that based on Johnson's criminal history he would likely be facing significantly more time once the Pre-Sentence Investigation Report ("PIR") was completed.

[9] Johnson misstates governing law when he asserts that "all claims of ineffective assistance of counsel survive [plea] waivers because such claims are based on the constitution, namely the Sixth Amendment right to effective assistance of counsel." (Mem. in Sup. of § 2255 Mot. at 5. To the contrary, the Fourth Circuit has refused to enforce waivers only for a "narrow class of claims," among these "a claim that [petitioner] had been wholly deprived of counsel during his sentencing proceedings." United States v. Lemaster, 403 F.3d 216, 221 n.2 (4th Cir. 2005)

6

within the waivers' scope are barred. See United States v. Attar, 38 F.3d 727, 732 (4th Cir. 1994). Therefore, the court grants summary judgment to the United States on Johnson's first claim that his counsel was ineffective during plea negotiations, and third claim that his counsel was ineffective by failing to file a pretrial motion to suppress evidence.[10]

### B.

Johnson's second claim—that his counsel was ineffective for failing to file a notice of appeal upon request—is cognizable regardless of any plea agreement waivers. See United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007) ("[A]n attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests."); United States v. Witherspoon, 231 F.3d 923, 926-27 (4th Cir. 2000) (finding that "[a]n attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective") (citing Roe v. Flores-Ortega, 528 U.S. 470 (2000)).

The court's evidentiary hearing was focused on this issue, for which the parties present divergent accounts. Johnson testified that when the court went over his right to appeal during his

---

(discussing United States v. Attar, 38 F.3d 727, 732 (4th Cir. 1994)) (emphasis added). Such an exception does not cover counsel's actions before the plea agreement was signed, and requires more than general ineffective assistance of counsel. See United States v. Litten, No. 5:06-cr-00015, 2008 U.S. Dist. LEXIS 51630, at *13 (W.D. Va. Jul. 7, 2008) ("A claim that counsel was generally ineffective does not suggest that the defendant was wholly deprived of counsel and, thus, such claims do not fall outside the scope of the collateral attack waiver.").

[10] At the close of the evidentiary hearing, Johnson for the first time raised the issue of a criminal history point in his PIR for failing to appear, that Johnson believes was assessed in error because he was incarcerated at the time. This claim too falls within the scope of Johnson's valid collateral attack waiver, and is therefore waived. Further, it appears that Johnson's belief is a product of mistakenly reading the PIR. Johnson was arrested on February 8, 1999 for driving on a suspended license, but was not sentenced to 90 days in jail until March 17, 1999. In the interim, Johnson missed a court date for this charge on February 12, 1999, and was re-arrested on March 16, 1999 for failing to appear, the day prior to being incarcerated for the underlying suspended license charge.

7

orginal sentencing hearing, he explicitly told counsel to appeal, but was privately advised at counsel's table that an appeal would not be in his interests. Johnson testified that this prompted him to ask the court directly about an appeal, resulting in the following exchange:

> THE COURT: Now, Mr. Johnson, you waived your right to appeal your sentence in your plea agreement, and that waiver is binding unless the sentence exceeds the statutory maximum or is based on a constitutionally impermissible factor. And if you undertake to appeal, despite your waiver, you might lose the benefits of your plea agreement. . . . Any notice of an appeal must be filed within ten (10) days of the entry of judgement [sic] or within ten (10) days of any notice of an appeal by the government. If requested to do so, the clerk will prepare and file a notice of an appeal on your behalf. Do you understand that?
>
> MR. JOHNSON: Not really. All I know is you're saying I can appeal within ten (10) days.
>
> THE COURT: Right, and if you want, the clerk will file a notice of appeal on your behalf. Now, you waived your right to appeal, but I expect you could appeal the court's refusal to permit you to withdraw your guilty plea.
>
> MR. JOHNSON: Will this give me more time?
>
> THE COURT: Hmm?
>
> MR. JOHNSON: Will this give me more time, my appeal?
>
> THE COURT: What do you mean, more time?
>
> MR. JOHNSON: Will I get, I don't understand, I accepted the plea and I got more time, ten years (10), and if I appeal, do I get more time?
>
> THE COURT: Well, if you . . . and I don't know whether the government is going to appeal or not. If you appeal, the government will probably file cross appeal and you could lose the substantial assistance benefit. The Fourth Circuit might say, he's not entitled to any substantial assistance downward departure.[11]

(Oct. 10, 2006 Sent. Tr. at 18-19). In addition, Johnson produced a type-written letter, dated October 18, 2006, from Johnson to his defense counsel. The letter states in relevant part:

---

[11] Here, the court intended to refer to the two-point Sentencing Guidelines reduction given for Johnson's acceptance of responsibility, not substantial assistance. In any event, the point was made that by appealing, Johnson risked losing some benefit of his plea bargain and sentence.

8

> I do not understand why you did not file a notice of appeal for me with the District Court immediately after I was sentenced as I requested you to do in the court room. Therefore, I am formaly [sic] requesting for you to file my notice of appeal in the above title [sic] case number . . . .

(Oct. 18, 2006 Ltr.).[12]

The United States contends that Johnson never asked his original defense counsel to file a notice of appeal. Counsel filed an affidavit to this effect, and similarly testified at the evidentiary hearing. It is undisputed that Johnson did not voice the appeal issue at his resentencing hearing on October 17, 2006, and Johnson admits that he did not privately raise the issue with counsel that day. Counsel testified that he has no record of the letter dated October 18, 2006, and the United States pointed out that the letter inexplicably assumes that Johnson's counsel did not file the requested notice of appeal. Finally, the United States established at the evidentiary hearing that it was impossible for the letter to have been typewritten and sent until long after October 18, 2006.[13]

Based on the evidence submitted and adduced at the evidentiary hearing, the court finds that Johnson did not make a timely request of his counsel to file a notice of appeal, and grants summary judgment to the United States on Johnson's second claim.[14]

---

[12] Johnson also references a letter he wrote to the court shortly after sentencing requesting an appeal, but he failed to produce a copy of such letter, and the court has no record of receiving it.

[13] On October 18, 2006 Johnson was still housed at the Roanoke City Jail—which does not provide typewriters to inmates—and remained there until at least November 6, 2006. However, the letter's return address is the Central Virginia Regional Jail, not Roanoke City. During the evidentiary hearing, Johnson admitted that the letter was not sent on October 18. Johnson now maintains that while he hand-wrote the letter on October 18, it was subsequently typed up and then mailed at some later point in time. Though Johnson's story strains credulity, even assuming that his version of the events is true, the type-written letter offers no support to his claim that he made a timely request of his attorney to file a notice of appeal.

[14] At the evidentiary hearing, Johnson also for the first time advanced the argument that his original counsel failed to consult with him regarding an appeal at or after his sentencing

9

## V.

For the stated reasons, the United States' motion for summary judgment (Dkt. No. 6) is **GRANTED**, and the Johnson's 28 U.S.C. § 2255 motion (Dkt. No. 1) is **DENIED**. An appropriate order shall be issued this day.

The Clerk is directed to send a copy of this memorandum opinion and accompanying order to all counsel of record.

**ENTER:** This 14th day of November, 2008

*James C. Turk*
Senior United States District Judge

---

hearings. Counsel is obligated to consult with a defendant about an appeal "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Flores-Ortega, 528 U.S. at 480. Johnson's counsel testified that though he went over the appeal waiver in great deal with Johnson before the plea agreement was signed, he did not consult with Johnson about an appeal at either of the sentencing hearings. However, the court finds that counsel was not obligated to consult with Johnson under the Flores-Ortega standards. First, Johnson failed to show that a rational defendant would have wanted to appeal, given the existence of a valid appeal waiver. Second, although Johnson's inquiry at his original sentencing hearing about whether an appeal could result in a longer sentence (see supra) does show Johnson's interest in appealing, in this particular circumstance, the court's answer effectively relieved counsel's obligation. See Frazer v. South Carolina, 430 F.3d 696, 708 n. 9 (4th Cir. 2005) (an exception exists when information provided by the sentencing court "substitute[s] for counsel's duty to consult") (quoting Flores-Ortega, 528 U.S. at 479-80). Despite this holding, the court does emphasize that "the better practice is for counsel routinely to consult with the defendant regarding the possibility of an appeal," in particular at the time of sentencing. Flores-Ortega, 528 U.S. at 479.